UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| YASSER ABDULLAH, ) | Case No. 1:12CV2151 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| ERIC HOLDER, Attorney General of the ) | **Report and Recommendation** |
| United States, et al., ) | |
| ) | |
| Respondents. ) | |

This matter is before the court on the Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) filed on behalf of Respondents, Eric Holder, Attorney General of the United States, U.S. Department of Justice, Bureau of Citizenship and Immigration Services, U.S. Department of Homeland Security, and U.S. Immigration and Customs Enforcement on May 9, 2013. ECF Dkt. #7. No response brief was filed. For the reasons that follow, the undersigned recommends that the Respondents' Motion to Dismiss should be granted, and the Petition should be dismissed without prejudice.

I.  FACTS AND PROCEDURAL HISTORY

Petitioner Yasser Abdallah is a native and citizen of Lebanon. ECF Dkt. #1, Petition at page 4. On August 22, 2012, Petitioner filed the above-captioned action alleging that "because [he had] assisted U.S. Immigration and Customs Enforcement (ICE) in obtaining [his] necessary travel documents and that the Service [had] not been effected [his] deportation or removal during the period prescribed by law, this Honorable Court should grant [the] petition and ORDER [his] release and permit [him] to be at large. *Id.* On September 10, 2012, Petitioner was removed from the United States to Lebanon. See ECF Dkt. #7-2, Declaration of Victoria Christian at paragraph 3.

II.     MOTION TO DISMISS STANDARD

A motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may take the form of either a facial or a factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir.1994). Facial attacks challenge the sufficiency of the pleading itself. *Id.* Factual attacks, on the other hand, challenge the factual existence of subject-matter jurisdiction, regardless of what is or might be alleged in the pleadings. *Id.*

When adjudicating a motion to dismiss based upon a facial attack, the Court must accept all material allegations of the complaint as true and must construe the facts in favor of the non-moving party. *Ritchie*, 15 F.3d at 598 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)); see also *Robinson v. Gov't of Malay.*, 269 F.3d 133, 140 (2d Cir.2001) (holding that all reasonable inferences must be drawn in favor of the plaintiff when evaluating a facial attack on subject-matter jurisdiction).

In contrast, a factual attack contests the validity of the facts alleged as support for subject-matter jurisdiction. *Ritchie*, 15 F.3d at 598. With a factual challenge, no presumption of truthfulness arises for either party, and the court must weigh the evidence to determine its power to hear the case. *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990)). In this analysis, the court may consider both the pleadings and evidence not contained in the pleadings. *Makarova v. United States*, 201 F.3d 110 (2d Cir.2000).

III.    LAW AND ANALYSIS

A case becomes moot "when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir.1986). Because mootness is a threshold jurisdictional issue, a case that is moot does not satisfy the standing requirement of Article III of the U.S. Constitution, and thus, courts are powerless to decide cases that are moot. *WJW–TV, Inc. v. Cleveland*, 878 F.2d 906, 909 (6th Cir.1989); *Carras*, 807 F.2d at 1289 (citing *SEC v. Med. Comm. for Human Rights*, 404 U.S. 403, 407, 92 S.Ct. 577, 30 L.Ed.2d 560 (1972); *United States v. City of Detroit*, 720 F.2d 443, 448 (6th Cir.1983)).

A court determines whether an action is moot by "examining whether an actual controversy between the parties exists in light of intervening circumstances." *Fleet Aerospace Corp. v. Holderman*, 848 F.2d 720, 723 (6th Cir.1988). In order to satisfy the case or controversy requirement, the petitioner must suffer an actual injury that is caused by the respondent and is redressable by a favorable decision throughout the case. *Ali v. INS*, No.1:10 CV 0426, 2010 WL 3001901, at *2 (N.D.Ohio July 9, 2010) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)).

The federal district courts may "entertain an application for habeas relief only by a person held 'in custody under or by color of the authority of the United States' or 'in custody in violation of the Constitution or laws or treaties of the United States.' " *Ali*, 2010 WL 3001901, at *1 (citing *Carafas*, 391 U.S. at 238); 28 U.S.C. § 2241(c)(1), (3). However, courts have held that:

> The deportation of a habeas petitioner during the pendency of a habeas proceeding does not, of itself, deprive the district court of jurisdiction over the case. If the petition seeks habeas relief from enduring and significant collateral consequences of the deportation, such as a bar to re-entry to the United States for five or more years, the court retains jurisdiction over the petition.

*Ali*, 2010 WL 3001901, at *2 (citing *Zundel v. Berrong*, 106 F. App'x 331, 334–35 (6th Cir.2004)) (citation omitted). In other words, "when a petitioner continues to suffer 'collateral consequences' of an imposed sentence sufficient to give the petitioner 'a substantial stake in the judgment of conviction which survives satisfaction of the sentence imposed on him,' the cause is not moot" and satisfies the case and controversy requirement of Article III. *Ali*, 2010 WL 3001901, at *1 (citing *Carafas v. LaVallee*, 391 U.S. 234, 237, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) (quoting *Fiswick v. United States*, 329 U.S. 211, 222, 67 S.Ct. 224, 91 L.Ed. 196 (1946)).

In *Ali*, the petitioner filed for habeas corpus relief, complaining of unlawful detention and did not seek relief from the collateral consequences of his removal. The petitioner was subsequently deported. The *Ali* court dismissed the petition for habeas corpus on mootness grounds because the petitioner did not seek relief from the collateral consequences of his removal and he was no longer in custody of the U.S. government. *Id.*; *Zundel*, 106 F. App'x at 334–35 (holding that a petitioner could pursue his habeas petition if his deportation order had the continuing collateral consequence of a twenty-year ban on reentry).

Here, it is undisputed that Petitioner has been removed from the United States and is no longer in custody of ICE. Furthermore, in his Petition for Writ of Habeas Corpus, Petitioner sought relief in the form of "an ORDER for the release of petitioner from illegal custody and permitting the Petitioner to be at large." ECF Dkt.#1 at page 6. In other words, Petitioner only sought relief from his allegedly unlawful detention and did not seek relief from any collateral consequences of his removal.

III. CONCLUSION

Because Petitioner is no longer in the custody of the U.S. government, and has not alleged any continuing injury resulting from his deportation, the undersigned recommends that the court lacks subject-matter jurisdiction over this matter as it is moot. Accordingly, the undersigned recommends that Respondents' Motion to Dismiss should be granted, ECF Dkt. #7, and Petitioner's Petition for Writ of Habeas Corpus should be dismissed. Moreover, dismissal should be granted without prejudice as there has been no adjudication on the merits of the claims underlying Petitioner's Petition for Writ of Habeas Corpus. See *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06, 121 S.Ct. 1021(2001)("[A] dismissal 'with prejudice' evinces 'the intention of the court to make [the dismissal] on the merits.").

DATE: June 18, 2013

                                                */s/George J. Limbert*
                                                GEORGE J. LIMBERT
                                                UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).